```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/11/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STANLEY HOLMES,

                     Plaintiff,

-against-

NYPD OFFICER JAMES TRAPASSO, Shield #22068; AMANDA VANWIEREN-JOHNSON, NYPD Inactive; RALPH PENA, NYPD ECT,

                     Defendants.

21-CV-10628 (VEC)

ORDER OF SERVICE

---

VALERIE CAPRONI, United States District Judge:

      Plaintiff, currently incarcerated at Great Meadow Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983. By order dated January 4, 2022, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1]

## DISCUSSION

      Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

      Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served Defendants until the Court reviewed the amended complaint and ordered that summonses issue. The Court therefore extends the time to serve until

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

90 days after the date summonses are issued. If the amended complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants James Trapasso, Amanda Vanwieren-Johnson, and Ralph Pena through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue summonses for Defendants James Trapasso, Amanda Vanwieren-Johnson, and Ralph Pena, complete the USM-285 forms with the addresses for these defendants, and deliver to the U.S. Marshals Service all documents necessary to effect service.

SO ORDERED.

Dated: April 11, 2022
       New York, New York

_____
VALERIE CAPRONI
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. James Trapasso, Shield #22068
   NYPD 120th Precinct
   78 Richmond Terrace
   Staten Island, NY 10301

2. Amanda Vanwieren-Johnson
   5 Seaman Court
   Highland Mills, NY 10930

3. Ralph Pena
   NYPD Evidence Collection Team
   One Police Plaza
   New York, NY 10038