```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/1/25
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
STANLEY HOLMES,                                               :
                                                              :
                                Plaintiff,                    :
                                                              :    21 CV 10628 (VEC)(GWG)
                -against-                                     :
                                                              :    ORDER ADOPTING REPORT &
JAMES TRAPASSO & AMANDA                                       :    RECOMMENDATION
VANWIEREN-JOHNSON,                                            :
                                                              :
                                Defendants.                   :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

On December 9, 2021, Plaintiff Stanley Holmes ("Plaintiff") sued New York City Police Department ("NYPD") Officers James Trapasso and Amanda VanWieren-Johnson alleging malicious prosecution and the denial of his right to a fair trial.[1] Am. Compl., Dkt. 10. The Court referred this case to Magistrate Judge Gorenstein for general pretrial supervision. Dkt. 13. Defendants moved for partial summary judgment on: the malicious prosecution claim; Defendants' qualified immunity claim; and whether Plaintiff is entitled to damages while he was incarcerated on unrelated charges. Defs. Mot., Dkt. 86. On May 20, 2025, Magistrate Judge Gorenstein issued a report recommending that Defendants' motion be granted. Report and Recommendation ("R&R"), Dkt. 95. Plaintiff objected to the R&R.[2] Pl. Obj., Dkt. 98. Defendants filed an opposition to Plaintiff's objections. Defs. Opp., Dkt. 101. For the following reasons, the Court overrules Plaintiff's objections and adopts the R&R in full.

---

[1] Plaintiff initially sued a third Defendant, Ralph Pena. Plaintiff then consented to the dismissal of claims against Pena. *See* Letter at 1, Dkt. 79.

[2] Plaintiff did not specifically object to the portion in the R&R that found that Defendants were entitled to qualified immunity on the malicious prosecution claim. Accordingly, as to that claim, the R&R is reviewed for clear error.

1

## BACKGROUND

The Court refers the reader to the R&R's detailed recitation of the factual and procedural background in this case. For the purposes of this Order, the Court summarizes only the most pertinent facts.

This dispute centers on the events leading to Plaintiff's arrest on November 23, 2010. 56.1 Stmt. ¶ 1, Dkt. 94–1. Defendants observed Plaintiff in the driver's seat of a double-parked car. *Id.* The parties dispute what transpired next. Defendants assert that they approached the car and asked Plaintiff to exit the car; when Defendant VanWieren-Johnson attempted to frisk Plaintiff, he fled on foot. *Id.* ¶ 2. Plaintiff contends that Defendant Trapasso pulled him out of the car and dragged him to the back of the car. *Id.* Plaintiff fled in response to Defendant VanWieren-Johnson striking him after he asked why he was being searched by a female officer. *Id.* Defendants caught up to Plaintiff and physically restrained him. *Id.* ¶ 3. Defendants claim they observed a firearm on the ground where Plaintiff was apprehended. *Id.* ¶ 4. Plaintiff disputes Defendants' claim as to whether and when they saw a firearm, citing to conflicting trial testimony from the officers regarding how they found the firearm. *Id.* Defendants recovered a second firearm and controlled substances from Plaintiff's car. *Id.* ¶ 5.

Plaintiff was charged on November 23, 2010, with several counts of criminal possession of a weapon, two counts of assault in the second degree, and one count of criminal possession of a controlled substance in the seventh degree. Nov. 23, 2010 Criminal Complaint, Dkt. 90–11. The criminal complaint alleged that while Defendant VanWieren-Johnson "was trying to place the defendant under arrest for the above described offenses, the defendant did repeatedly push the deponent with the defendant's hands, did repeatedly flailed [sic] the defendant's legs and flail the defendant[']s arms in the air, and had to wrestle the defendant to the ground[;] . . . that the

defendant possessed a Sig Sauer pistol loaded with four bullets[;] . . . that after the defendant exited the above described vehicle and attempted to flee from the deponent, the deponent recovered said loaded pistol from the ground in the immediate area where the defendant was handcuffed." *Id.* at 2–3.

On December 1, 2010, a grand jury indicted Plaintiff for, *inter alia*, two counts of criminal possession of a weapon in the second degree. 56.1 Stmt. ¶ 8. Plaintiff had three trials; the juries in the first two trials were unable to reach a verdict on the weapons charge. *Id.* ¶¶ 10–11. On June 30, 2016, Plaintiff was convicted of criminal possession of a weapon in the second degree and was sentenced to sixteen years to life. *Id.* ¶ 11. He appealed the conviction, and it was overturned on March 19, 2019. *Id.* ¶ 12. On September 14, 2021, the District Attorney dismissed the weapons charge against Plaintiff. *Id.* ¶ 13.

While the weapons charge was pending, Plaintiff was convicted of other offenses. *Id.* ¶¶ 16–25.[3]

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party has made specific, written objections to the R&R, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997) (citing 28 U.S.C. § 636(b)(1)).

---

[3]  In 2011, Plaintiff pled guilty to criminal possession of a controlled substance and petit larceny and was sentenced to 30 days in jail. 56.1 Stmt. ¶¶ 16–18. On June 21, 2012, Plaintiff was arrested for bail jumping, *id.* ¶ 20; he pled guilty to that charge and was sentenced to two to four years, *id.* ¶ 21. Plaintiff pled guilty to attempted burglary in the second degree, and, on March 11, 2024, Plaintiff was sentenced to 12 years to life. *Id.* ¶ 24.

To warrant de novo review, the objections must be "specific" and "address only those portions of the proposed findings to which the party objects." *Pineda v. Masonry Constr., Inc.*, 831 F. Supp. 2d 666, 671 (S.D.N.Y. 2011) (citation omitted). Absent clear guidance from the Second Circuit on what makes an objection proper, courts in this District have concluded "that a party fails to properly object if she 'makes only conclusory or general objections, or simply reiterates [her] original arguments.'" *Ramgoolie v. Ramgoolie*, No. 22-1409, 2024 WL 4429420, at *2 (2d Cir. Oct. 7, 2024) (quoting *Silva v. Peninsula Hotel*, 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007)). Thus, if "a party's objections are conclusory or general . . . the district court reviews the [magistrate judge's report and recommendations] for clear error." *Pineda*, 831 F. Supp. 2d at 671. When a party's objection merely reiterates a prior argument, courts in this District have historically applied the clear-error standard; the Second Circuit has, however, more recently "expressed skepticism concerning the application of clear-error review where the plaintiff's objections, in the lower court's view, sought 'to relitigate an issue that was fully argued in the original briefs to the magistrate judge.'" *Ramgoolie*, 2024 WL 4429420, at *2 (quoting *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 121 (2d Cir. 2022)).

I. **The Malicious Prosecution Claim**

To prevail on a malicious prosecution claim, a plaintiff "must show a violation of his rights under the Fourth Amendment and must establish the elements of a malicious prosecution claim under state law." *Rodriguez v. City of New York*, 623 F. Supp. 3d 225, 238 (S.D.N.Y. 2022) (quoting *Cornelio v. Connecticut*, 32 F.4th 160, 179 (2d Cir. 2022)). To prove malicious prosecution under New York law, a plaintiff must show: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for

4

the defendant's actions." *Dettelis v. Sharbaugh*, 919 F.3d 161, 163–64 (2d Cir. 2019) (quotation marks and citation omitted).

Probable cause is a complete defense to a claim of malicious prosecution in New York. *Manganiello v. City of New York*, 612 F.3d 149, 161–62 (2d Cir. 2010). "Moreover, where a grand jury has issued an indictment, the indictment creates a presumption of probable cause that *may only be rebutted by evidence that the indictment was procured by fraud, perjury, the suppression of evidence, or other police conduct undertaken in bad faith*." *Johnson v. City of New York*, No. 23-CV-3018, 2024 WL 3520445, at *7 (S.D.N.Y. July 23, 2024) (emphasis in original). To rebut the presumption, the plaintiff "is not limited to proof of misconduct in the grand jury alone[.] Rather, the plaintiff may show that the officer misrepresented the facts to the District Attorney or otherwise acted in bad faith in a way that led to the indictment." *Creighton v. City of New York*, No. 12-CV-7454, 2017 WL 636415, at *35 (S.D.N.Y. Feb. 14, 2017). Judge Gorenstein correctly recited the standard for a malicious prosecution claim in the R&R. R&R at 6–7.

Plaintiff raises two primary objections to the R&R's recommendation to dismiss this claim. First, he contends that the R&R did not apply the correct summary judgment standard, by not drawing all reasonable inferences in Plaintiff's favor as required. Pl. Obj. at 2–3. Plaintiff asserts that the R&R "paid too short shrift to the material inconsistencies in the officers' testimony" by downplaying contradictory accounts of the recovery of the weapon as one of "mistaken memories" during a "split second" event. *Id.* at 3 (citing R&R at 10).

The R&R noted that Plaintiff tried to rebut the presumption of probable cause by pointing to inconsistencies between the Defendants' trial testimony and grand jury testimony. R&R at 8. Defendant Trapasso testified before the grand jury that he only "saw [t]he gun when [he] lifted

5

[Plaintiff] up . . . [it] was underneath him," but he later testified at trial that he actually "observe[d] the firearm falling from [Plaintiff's] back hitting the ground." Defs. Response 56.1 Stmt. ¶ 8. Defendant VanWieren-Johnson testified that after Plaintiff was lifted up following a scuffle, "there was a silver gun right below where we had been wrestling. The whole time the gun was not there before he was. . . . The gun was there it wasn't mine it wasn't my partner[']s obviously we had our guns so the gun had came from the defendant." *Id.* ¶ 9.

Plaintiff argues that these inconsistencies cast doubt on the accuracy of the Defendants' testimony, as the Appellate Division reversed Plaintiff's conviction on the weapons charge, recognizing that the evidence against Plaintiff "hinged on the testimony of the two police officers" and that the trial court erred in not allowing Plaintiff to cross-examine the witnesses on acts bearing on their credibility. Pl. Obj. at 4 (citing *People v. Holmes*, 170 A.D.3d 532, 533–34 (1st Dep't 2019)). These inconsistencies, Plaintiff maintains, are sufficient to rebut the presumption of probable cause. *Id.* at 4–5. Further, Plaintiff points to a contemporaneous radio transmission in which a police officer reported, "two male Hispanics[,] one dropped a gun." Defs. Response 56.1 Stmt. ¶ 10. Plaintiff argues that a reasonable jury could conclude based on that evidence that no gun was actually recovered from Plaintiff's person. Pl. Obj. at 5.

Plaintiff's second objection is that the R&R noted that "Plaintiff does not cite to his own affidavit in his effort in his effort to rebut the presumption and thus we do not consider it." R&R at 8 n.5. Plaintiff asserts that his affidavit was annexed as an exhibit to the Declaration of Edward Sivin, Dkt. 90–3, and that it was incorporated into Plaintiff's response to the Statement of Material Facts. Pl. Obj. at 6–7. His account of the events leading to his arrest directly contradicted Defendants' version, and he argues that the Court should have considered his affidavit when deciding whether genuine issues of material fact existed.

6

Judge Gorenstein properly determined that Plaintiff failed to proffer sufficient evidence to rebut the presumption of probable cause arising from the indictment. "[W]here a plaintiff's only evidence to rebut the presumption of the indictment is his version of events, courts will find such evidence to be nothing more than mere conjecture and surmise that [the plaintiff's] indictment was procured as a result of conduct undertaken by the defendants in bad faith," which is insufficient to rebut the presumption of probable cause. *Brandon v. City of New York*, 705 F. Supp. 2d 261, 273 (S.D.N.Y. 2010) (internal quotations and citations omitted). This Court concurs with the R&R that no reasonable juror would find the differences in Defendant Trapasso's testimony to rise beyond that of "mistaken memory." R&R at 10. Plaintiff improperly focuses on whether a gun was recovered from his person, completely ignoring the fact that probable cause existed that Plaintiff possessed a gun. By the time Defendants had "wrestled" Plaintiff to the ground, Defendants had already observed Plaintiff sitting in the driver's seat of a car that was illegally parked, and after approaching Plaintiff and attempting to frisk him, Plaintiff fled on foot. 56.1 Stmt. ¶ 2; Defs. Response 56.1 Stmt. ¶ 5. The disputed issue of whether an officer saw the gun being dropped or whether it was recovered from under him at the time of his arrest is immaterial; testimony that Officer Trapasso saw the gun fall out of Plaintiff's possession was not necessary to secure an indictment. R&R at 9.

The Court overrules Plaintiff's objection that Judge Gorenstein was required to consider Plaintiff's affidavit in determining whether issues of material fact existed sufficient to rebut the presumption. The R&R noted that Plaintiff did not cite to his affidavit in his memorandum of law in his attempt to rebut the presumption, and the Court "is not required to make arguments for a represented party." *Toran v. Cnty. of Nassau*, No. 21-CV-5159, 2024 WL 1158982, at *7 (E.D.N.Y. Mar. 18, 2024). Even if Judge Gorenstein had considered Plaintiff's affidavit in

determining whether Plaintiff had rebutted the presumption, it would not have changed the outcome, as "a simple conflict of stories or mistaken memories" is unequivocally insufficient to raise a triable issue of fact on the probable cause element. *See Boyd v. City of New York*, 336 F.3d 72, 77 (2d Cir. 2003). "Courts have repeatedly determined that a plaintiff's own testimony is insufficient to rebut the presumption of probable cause" arising from a grand jury indictment. *Bonds v. City of New York*, No. 12-CV-1772, 2014 WL 2440542, at *7 (E.D.N.Y. May 30, 2014).

Having conducted a de novo review, the Court agrees, for the reasons stated in the R&R, that Defendants are entitled to summary judgment on the malicious prosecution claim.

## II. Qualified Immunity Claim

Having determined that the malicious prosecution claim should be dismissed, the R&R concluded that the question of whether Defendants are entitled to qualified immunity is moot. R&R at 11. Because Plaintiff did not object to the recommendation in the R&R relative to qualified immunity, the Court reviews the qualified immunity claim for clear error.

The Court agrees with the R&R that the question of qualified immunity is mooted by the dismissal of the malicious prosecution claim.

## III. Damages

Defendants moved for summary judgment to limit Plaintiff's ability to obtain damages to the period of time that Plaintiff "was incarcerated solely and exclusively" for the arrest on November 23, 2010. R&R at 12 (internal quotation marks omitted). Plaintiff seeks compensation for 1,542 days of incarceration, and 1,381 of those days "occurred as a result of [Plaintiff's] subsequent arrests and convictions and not the gun case." *Id.* at 12–13 (citation omitted). Because a plaintiff bringing a Section 1983 claim must establish that the defendant's

8

misconduct was the "proximate cause" of the plaintiff's injury, Judge Gorenstein determined that Plaintiff could not prove that the gun charge was the "but for" cause of the 1,381 days of incarceration attributable to his burglary and bail jumping convictions. *Id.* at 15.

Plaintiff reiterates the same objections to the R&R that he lodged in his opposition to Defendants' summary judgment motion – namely that the question of damages is one that should be reserved for trial. Pl. Obj. at 8–9. He argues that the recommendation in the R&R amounts to "an affirmative finding that a reasonable jury could reach *only the conclusion* that the gun conviction *failed to have any effect* on the length of the burglary and bail jumping sentences" and that "proximate cause is almost invariably a factual issue" for a jury to decide. *Id.* at 8 (citations omitted).

Because Plaintiff reiterates his original arguments, and his objection regarding damages is entirely conclusory, the Court applies the clear-error standard. Judge Gorenstein correctly concluded that because Plaintiff did not proffer any evidence tending to show that his gun conviction contributed to longer sentences for his burglary and bail jumping charges, "a jury could only speculate as to the effects of the gun conviction on the sentence for the burglary and bail jumping convictions." R&R at 16. It is Plaintiff's burden to prove each element of a Section 1983 claim, including damages. Although a plaintiff "need not prove the amount of loss with mathematical precision; . . . the jury is not allowed to base its award on speculation or guesswork." *Id.* (citing *Sir Speedy, Inc. v. L & P Graphics, Inc.*, 957 F.2d 1033, 1038 (2d Cir. 1992)). As such, Plaintiff is barred from seeking damages for the time he spent incarcerated on charges unrelated to the one at issue in this case.

9

## CONCLUSION

The Court overrules Plaintiff's objections for the reasons discussed above and adopts the R&R in its entirety. Accordingly, Defendants' motion for partial summary judgment is GRANTED.

The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 86.

**SO ORDERED.**

Date: September 1, 2025
New York, New York

        **VALERIE CAPRONI**
        **United States District Judge**